NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO RODRIGUEZ,

Plaintiff-Appellant,

v.

THE BOEING COMPANY,

Defendant-Appellee.

No. 21-35951

D.C. No. 2:18-cv-01213-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 20, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Mario Rodriguez appeals the district court's grant of

summary judgment in favor of Defendant-Appellee Boeing on his employment

discrimination and unlawful discharge claims and denial of his motion for leave to

amend the complaint.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and denial of leave to amend for abuse of discretion. *See United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013). We affirm.

1.      The district court did not err in granting summary judgment to Boeing on Rodriguez's claims for discrimination based on race and sexual orientation in violation of the Washington Law Against Discrimination ("WLAD"). Rodriguez's discrimination claim is governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] Under the first step of *McDonnell Douglas*, a plaintiff must establish a prima facie case of employment discrimination by showing (1) he is a member of a protected class, (2) he is qualified for the employment position or performing substantially equal work, (3) he suffered an adverse employment action, and (4) similarly situated employees not in his protected class received more favorable treatment. *See Matson v. United*

---

[1] We apply *McDonnell Douglas* to Rodriguez's discrimination claim because he has not offered direct evidence of discriminatory intent. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Although Rodriguez presented evidence of discriminatory remarks by his coworker Karon Wilmot, he did not demonstrate a nexus between Wilmot's remarks and any adverse employment action. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640-41 (9th Cir. 2003).

*Parcel Serv., Inc.*, 872 F. Supp. 2d 1131 (W.D. Wash. 2012); *Davis v. W. One Auto. Grp.*, 140 Wash. App. 449, 458-59 (2007).

Viewing the facts in the light most favorable to Rodriguez, he has not demonstrated that an adverse employment action was taken against him. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is warranted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case").[2] Rodriguez alleged three adverse employment actions: his supervisor's refusal to move his workspace away from a coworker who made disparaging remarks, his supervisor's reluctance to approve his transfer to another position within the company, and a negative performance review.

First, the refusal to move Rodriguez's workspace away from a coworker was not an adverse employment action because it did not "materially affect [his] compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (cleaned up). Second, undisputed facts establish that after a two-week delay, during which Rodriguez was on leave, he was released by his supervisor and free to transfer to another position. He does not allege that he was adversely impacted by the delay in his transfer. Third,

---

[2] Rodriguez also failed to present any evidence that similarly situated employees outside his protected class received more favorable treatment.

Rodriguez resigned before the appeal of his negative performance review was resolved. Therefore, the negative performance review was not sufficiently final to constitute an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).

2.  Rodriguez's claim for unlawful discharge in violation of Washington's public policy against discrimination also fails because he has not established that he was constructively discharged. To demonstrate constructive discharge, Rodriguez must show that (1) his employer deliberately made working conditions intolerable, (2) a reasonable person in his position would be forced to resign, (3) he resigned because of the intolerable condition and not for any other reason, and (4) he suffered damages as a result of being forced to resign. *See Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc*., 6 Wash. App. 2d 803, 829 (2018).

Rodriguez has not raised a genuine dispute of material fact that he was forced to resign. He alleges that his working conditions were made intolerable by Wilmot's remarks and the delayed approval of his transfer to another position. We disagree. Wilmot's remarks were made between April and August 2017, nine months prior to Rodriguez's resignation in May 2018. *See Montero v. AGCO Corp*., 192 F.3d 856, 861 (9th Cir. 1999) (employee was not constructively discharged where harassing behavior ceased three to four months before

4

resignation).  Although Rodriguez's transfer to another position was initially delayed, his transfer was ultimately approved.  He had an outstanding offer to move into the new position at the time of his resignation.  These circumstances are not "sufficiently extraordinary or egregious" that a jury could find they amount to a constructive discharge.  *Brooks*, 229 F.3d at 930.  Thus, Rodriguez's claim for unlawful discharge fails as a matter of law.

3.      Finally, the district court did not abuse its discretion in denying Rodriguez leave to amend his complaint.  Rodriguez failed to demonstrate the diligence necessary to establish good cause to modify the court's scheduling order under Federal Rule of Civil Procedure 16(a).  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  He alleged that his counsel became aware of new claims while reviewing documents produced by Boeing in preparation for depositions.  The documents were produced in January 2019, five months before Rodriguez's counsel prepared for depositions in June 2019.  Even after becoming aware of the new claims in June 2019, Rodriguez waited until September 2019 to move for leave to amend.  On this record, the district court did not abuse its discretion in denying Rodriguez leave to amend.

**AFFIRMED.**